UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:23CV518  HEA |
| SEVEN THOUSAND, FIVE HUNDRED NINETY-FIVE DOLLARS IN U.S. CURRENCY ($7,595.00) | ) ) ) ) ) |
| Defendant. | ) ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Strike Claim, [Doc. No. 7]. Although the Court ordered Claimant Cornelius Bennett to file a response to the Motion by October 11, 2023, Claimant has failed to do so. (See Order dated September 15, 2023.

On April 21, 2023, Plaintiff filed a Verified Complaint of Forfeiture against the defendant $7,595.00 in U.S. Currency ("defendant property"). On June 5, 2023, Claimant filed a Verified Claim to the defendant property. To date, Claimant has not filed an answer as required by Rule G(5)(b) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

On January 13, 2021, Claimant was charged by Indictment in the Eastern District of Missouri with drug trafficking, in violation of Title 21, United States

Code, Section 841(a)(1) and possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c). United States v. Bennett, Case No. 4:21-CR-00017 SRC (E.D. Mo.). The charges related to the same conduct giving rise to forfeiture of the defendant property, as set forth in the Verified Complaint filed on April 21, 2023.

On February 15, 2022, Claimant pled guilty to a drug trafficking and possession of a firearm in furtherance of drug trafficking. In his Guilty Plea Agreement, Claimant admitted to facts substantially the same as those set forth in the Verified Complaint, including that law enforcement found the defendant property on his person and in his vehicle and seized said property at the time of his arrest.

In his guilty Plea Agreement, Claimant also agreed that he "knowingly and voluntarily waive[d] any right, title, and interest in all items seized by law enforcement officials during the course of their investigation. He further agreed to "not contest the vesting of title of such items in the United States," "to abandon his interest in all seized items," and "that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice." Finally, Claimant agreed that "[b]y abandoning these items, [he] waive[d] any future rights . . . to submit a claim to contest the disposition or destruction of the items."

Supplemental Rule G8(c)(i)(B) states the government may move to strike a claim because the claimant lacks standing. The burden of establishing standing to contest forfeiture is on the claimant, who must show a "facially colorable interest" in the defendant property. *Beckett v. United States*, Case No. 09-CV-524-LY, 2010 WL 11610445, at *5 (W.D. Tex. July 27, 2010).

Courts have held that a criminal defendant lacks standing to contest forfeiture of property that the defendant has agreed to forfeit or abandon. *Id*. at *5 (finding claimant lacked standing based on language in plea agreement that claimant "hereby waives and abandons all his right, title, and interest in the [subject property]"); *Hurt v. United States*, Case No. 3:19-CV-49-MPM, 2019 WL 2411433, at *3 (N.D. Miss. June 7, 2019); *United States v. Real Property Described in Deeds*, 962 F.Supp. 734, 737 (W.D.N.C.1997). "[I]f a claimant has relinquished his interest in property through action or agreement, he lacks standing to contest its forfeiture for want of an injury." *United States v. One Parcel of Real Property Located at 19 Mountain Avenue*, Case No. 3:18-CV-471-JAM, 2020 WL 6729261, at *2 (D. Conn. Nov. 16, 2020).

Claimant executed a plea agreement in which he knowingly and voluntarily waived any interest in and agreed to abandon all items seized by law enforcement during the investigation, which included the defendant property. Claimant

3

therefore does not have statutory standing to contest the forfeiture. Plaintiff's Motion is well taken and will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike, [Doc. No. 7], is **granted**.

**IT IS FURTHER ORDERED** that the Claim of Cornelius Bennett, [Doc. No. 6], is **stricken**.

Dated this 3rd day of January, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE